May it please the Court. My name is Craig Gillespie. I am counsel for Petitioner Gary Qualls. Good morning. Good morning. The issue in this case is whether or not the district court erred in denying Mr. Qualls' petition for habeas corpus relief, primarily with respect to what we consider to be fatal defects in the indictment and erroneous jury instructions, as well as the lack of jury instruction with respect to his claim for ineffective assistance of counsel. I don't have anything to add to my pleadings. There are several issues that we've presented in this case, and I'm prepared to answer any questions the Court may have. On the indictment issue, it seems pretty clear the Arizona law is such that any challenge to the indictment must come before trial. And it also seems pretty clear from the record, you may not agree with this, but that there was no challenge to the indictment itself, to a defect in the indictment before trial. Yes. In Arizona, the procedural rules, Rule 12.9, requires the filing of a pleading to challenge the grand jury presentation before trial. That was not done by Mr. Qualls' trial counsel. However, his trial counsel did, before trial and during trial, argue that the grand jury indictment was flawed in that when he reviewed the transcript of the grand jury proceeding, there was no evidence presented to support any of the ten counts. That was more a probable cause issue, was it not? That there was no probable cause to support the indictment, rather than a defect in the indictment itself. And Arizona law seems to make that distinction. Well, I would disagree. I think that, at least under Arizona law, if there's no evidence to support the ten-count indictment, then the Court has no jurisdiction over the case at all. And that's the difference between a challenge to the sufficiency of the evidence and a challenge which is based upon no evidence being presented. And it was undisputed in the Arizona appellate courts that there was no evidence presented to the grand jury to support the indictment. But the Arizona Court of Appeals found that it was waived because Mr. Qualls' trial counsel did not present that prior to trial. So in a sense, you're trying to bootstrap the raising of the probable cause issue relative to the indictment in such a way that your on or about defect in the indictment is going to be timely under Arizona law? I don't mean bootstrap in a pejorative sense, but isn't that what you're attempting to do? Well, I don't believe so, only because the case law is clear that you can raise that type of challenge to the indictment at any time, even during the trial. And so it's a different argument than simply a challenge to the sufficiency of the evidence presented to the grand jury. There was no evidence presented. I'm struggling with your lesser included argument and also your IAC argument, which are a little bit related. First off, it appears that your client's defense was that he admitted having sex with the individuals, but he said they were older than 15. So I can see a very good strategic reason for not wanting that, to give the instruction of less than 18, because then he's surely going to be convicted. Whereas if they don't believe that the victims, that it happened when they were under 15, then he walks away, even though he still has had sex with a minor. And also, too, I'm having a hard time with the fact that what authority do you have for the proposition that sexual conduct with a minor under the age of 18 as containing a lesser included offense of sexual conduct with a minor under the age of 15? Because under the age of 15 is the greater. It is somewhat confusing, I suppose. Well, it's pretty counterintuitive to have the greater be the lesser included. It is, Your Honor. I would agree with that. To answer your first question, whether or not it was a tactical decision, I suppose it could have been. However ‑‑ Well, if it was, then you lose. I would agree. Okay. The problem is that twofold. Mr. Qualls' trial counsel never discussed with him the option of having a lesser included. That's something that should have been done. I think that Mr. Qualls, under the Sixth Amendment, has a right, if his attorney is being effective, to discuss that issue with him, and I think that's clear from Strickland. Okay. Then that presupposes that it is a lesser included then, right? Yes, Your Honor. Okay. The other thing I'd like to point out before we get to that issue is, in Arizona, the punishment between these two offenses is severely different. I'm sure it is. It is. And, in fact, Arizona has the strictest punishment for this type of offense of any state in the union. And for each count that Mr. Qualls was ultimately convicted of, he received the presumptive term of, I believe, 13 years. And under the statute, the sentencing provision that goes along with the statute he was convicted under, each of those has to be served consecutive to the other. So he got ten counts of stacked sentences, resulting in 194 years. Had he been convicted of the other, what we believe is the lesser included offense, he would have been probation eligible on eight of those ten counts. So there was a severe difference. Whether or not it's a lesser included offense, I believe that I struggled with that myself, but ultimately it seems to me that... It's a better offense for him, but lesser included is a different situation. Well... I mean, if he's guilty of under 15, he is necessarily guilty of under 18. Yes. But that doesn't make it a lesser included offense. Because, I mean, particularly, like, I know in California, if you don't even get to lesser included offenses, the jury's instructed, if you can't agree, you know, if you believe the defendant's not guilty of the greater, then you look at the lesser. And here, they didn't believe the defendant was not guilty of the greater. Well, they were never given the opportunity. Well, but that's not what lesser... That isn't the structure of lesser included offenses. You get to pick which charge you think is the best. That's what the prosecutors get to do. Well, in Arizona, if you're familiar with the case that was cited by both parties, in this case, there's the Marshall decision, and it gives a definition of what a lesser included offense is, and it basically states that a lesser included offense is appropriate when the greater offense, either as described by statute or as charged, cannot be committed without necessarily committing the lesser. And so the statute in this case, 13-1405, subsection A is what I believe to be the lesser, under 18. Subsection B is the greater, under 15. And the case law also is clear that if the evidence that's presented by the defendant in the trial supports the giving of a lesser included offense, the court has to give it. And in this case, there was evidence presented. Mr. Quals testified, as did his children, his natural children, that the offenses started at or about the time the stepdaughters were 15 or 16 years of age. See, I don't mean to continue with problems, but then if we move from that problem, but then we go back to the IAC, you have to satisfy the prejudice problem. If the jury found beyond a reasonable doubt that the girls were under 15, then how do you show prejudice? Well, because of the other problems with the case, primarily with the way that the indictment was worded, this honor about language, as well as the jury instructions that also included the honor about language. And that type of language is strictly prohibited in cases where there's more than one offense charged. But wasn't the jury instructed that these were all independent, separate and independent offenses as charged, and that they had to find on each of these accounts separately and discreetly? Well, they were instructed along those lines, Your Honor. However, there was one that the honor about instruction in particular was highly prejudicial because it specifically stated that they did not have to ‑‑ let me see if I can just find my note on that. Yes, it indicated that the state was not required to prove the exact date or period when the offenses occurred so long as they occurred on or about the date alleged, and that it occurred prior to the filing of the indictment. Well, the indictment was filed seven or eight years after each of the girls turned 15. And the other problem is that there was an onslaught of 404B evidence admitted into the trial. There was perhaps hundreds of incidents of sexual misconduct that was testified to, having occurred according to the girls before their 15th birthdates, but all the way up until the time that they were approximately 20 years of age. So what happened was it allowed the jury, this instruction, to convict Mr. Qualls for conduct that was not proscribed by this particular statute. It allowed them to convict for conduct that occurred from 15 to 18, as well as conduct that occurred from 18 to 20. That's not even illegal. And that's the problem with that statute, or with that jury instruction. All right. Unless there's further questions by the panel, do you want to reserve the balance of your time? Yes, Your Honor. Thank you. Thank you. May it please the Court, my name is Carla Hodes-Delore. I'm an assistant attorney general from Arizona, representing the respondents. The district court correctly denied Petitioner Seavey's petition on the ground that it was procedurally defaulted and meritless. To discuss the first issue that you raised, Judge Miller, regarding the indictment, although the district court found that this issue was not procedurally defaulted, we, in fact, contend that this issue is procedurally defaulted. And although the district court did address this, this court is able to affirm the denial of a habeas petition on any grounds supported by the record, even if it differs from the rationale of the district court. This claim is procedurally defaulted in that the Arizona Court of Appeals specifically found that this claim was waived because Petitioner never objected to defects in the indictment before trial. He raised his first issues concerning the defective indictment for the first time on appeal to the Court of Appeals, and the court said, no, you need to do this ahead of time. So what you're saying is we can say the district court was wrong on that and we can go with that. I think we know that. Yes. Okay. So that is the first thing. And even if you were to still address the merits of the indictment, Petitioner claims that the indictment was defective because of the on or about language that was used in the indictment. Well, with regard to the on or about language, with the indictment and with the jury instructions, the two overlap. There was nothing wrong with the on or about instructions in the indictment or in the jury instructions. If I understand his argument, he's saying because of the on or about that the defendant or Petitioner here could have been convicted on offenses that actually didn't fall under the 15 years when the girls were not under 15. That's what he's claiming, but that is incorrect. Molestation of a child under 15 and sexual conduct with a child under 15 both require that the victims be under the age of 15. The on or about in the dates in the indictment that said on or about all concerned time frames before the victim's 15th birthday. So even though one of the counts, for instance, the on or about language ended a day, you know, the date given ended the day before her 15th birthday, although they could say, well, that then, you know, because of the on or about that included when after she turned 15. That can't happen because both of the charges require that for the jury to find the victims are under 15. Well, don't they serve a different purpose? The charging document is to put people on notice of what we're talking about. The instructions are to say what's required before you can find someone guilty. Correct, yes, and he was on notice of all of the charges that were given to him. And he, as the court of appeals found, he was provided sufficient discovery with the police report, the tape-recorded statements of the victims and their mother, a timeline that was drafted by the victims, as well as diary entries from one of the victims' journals. So he clearly knew the notice and the time allege. And his whole defense was this occurred after the victims were 15. And it wasn't even that it occurred a month after they were 15. His whole defense was this occurred when they were 16 and later. There was at least a year's difference that he was talking about. It wasn't something so close. So there was, you know, he was on notice as far as the indictment, and the on or about language didn't render the indictment effective at all because of that, because of the requirement that the victims had to be under 15. And the jury instructions, did he default on his federal constitutional claim there? Correct. He did. As the district court correctly found, he procedurally defaulted on the on or about language found in the jury instructions because he did not present it as a federal issue to the state courts. He just presented it as a state court issue. And he merely referenced due process and fair trial without any citation to federal constitutional law, federal cases, or state cases analyzing federal law. And so the district court did find that procedurally defaulted. We don't have the question of the similarity or the exactness of the state review and the federal review for corporate violation in this case? We do not. That issue was never raised. The Arizona appellate court reviewed it for fundamental fairness, correct? That is correct. The Arizona court, they did fundamental error review, but that's still not enough for purposes of exhaustion to find a federal claim. I understand that. As with regard to the last issue, he raises the ineffectiveness of counsel for failure to raise a lesser included offense. In this case, petitioner was either guilty of the crimes or not guilty of the crimes. To request a so-called lesser included instruction, to request that the jury be instructed that they could still find him guilty if the victims were under 18 would be to request an instruction on charges that were never brought against the defendant. The charges in the indictment specifically concerned the dates when the victims were under 15. So because there was no reason to request a lesser included, counsel wasn't ineffective for failing to make that request. I have a feeling, I read somewhere in here, that the defendant's counsel specifically declined a lesser included. Is that right? That is correct, yes. The trial court asked, are you going to request a lesser included? And defense counsel said, no, and in fact, I would object to a lesser included. So he specifically objected to it. Yeah. He's either guilty or not guilty. Because obviously he admitted sex with his stepdaughters who were still under age. Correct. There's an argument that can be made that's a pretty serious charge anyway. Correct. And I mean, there was no way a reasonable juror could have found that petitioner committed the sexual acts, as alleged in the indictment, in the dates given, and then also found that the victims were under 15. Because the dates in the indictment all concerned the ages when the victims were under 15. And as I mentioned ---- They couldn't find they were under 15 and still be 15 to 18 is what ---- No, they either had to find they were under 15. And if they didn't find they were under 15, then he was not guilty on those counts. That's an element of the offenses. That is ---- Correct. The victim has to be under 15. Correct, exactly. Under both charges, that is the element of the offenses. They have to be under 15. And then in his other ineffective assistance of counsel claim, he claims that counsel was ineffective because he should have objected or requested a more specific unanimity instruction. The instruction given to the jurors told them that they were to consider each indictment separate and distinct, and they had to decide each count separately based on the evidence. And although there were, you know, there was other 404B evidence presented of other acts, the prosecutor made it very clear during her closing argument, this is the evidence that goes to count one, this is the evidence that supports count two. And she delineated it to fit within each of the time frames and was very clear. There's nothing insufficient about the instruction that was given to the jurors, and so counsel wasn't ineffective for not objecting to it. And moreover, Petitioner has a very difficult time showing any prejudice from counsel's lack of actions. As Judge Callahan noted, Petitioner admitted four different times to three different people that, yes, indeed, his daughters or stepdaughters were the ages of 13 and 14 when he first began the sexual intercourse with them. And he hasn't been able to show that, but for counsel, objecting to the on or about instructions or requesting a more specific instruction that his convictions would have been overturned, I'm sorry, that the jurors would have found him not guilty. So accordingly, we found that the District Court was correct in the denial of the petition. Judge, if anyone doesn't have, if there's no further questions, I think you've responded. Thank you. With respect to the procedural default issue, a couple of things I'd like to point out. There was no specific reference to the United States Constitution in the briefs in the State Court. We concede that. However, there was a reference in the reply brief to a violation of the Petitioner's due process right to a fair trial, and we cited some case law from various circuits, including the Ninth Circuit in the Reuter case, that suggests that that's enough because there's no corollary to that in the Arizona Constitution. So it's clear that that's referencing the Sixth Amendment. Arizona law says you can't bring it up in a reply brief, basically. Well, you know, I've given that some thought, too, and certainly an argument, it wouldn't be fair to opposing counsel to bring that up in a reply brief, but whether or not you're putting the court on notice of what your argument is, perhaps that's a different issue. Well, the question is whether or not it was fairly presented in the State Courts so as to allow the State Court to have considered it. And when you bring it up in a reply brief, it's a little tough, and I think Arizona recognizes that. The Ninth Circuit, this Court, has not really been too friendly with the argument that you can bring something up in a reply brief and, as a matter of course, it's been fairly presented. There may be one or two cases where a pro se did that, where it was allowed under the special circumstances of that case, but I'm not aware of any case where it's been allowed where the petitioner was counseled at the State level. Are you aware of such a case? I'm not, Judge. The other thing I'd like to point out is that, in addition to the Arizona Appellate Court doing the fundamental review, we also characterized the error as being fundamental in the pleadings. So we were directing the Court that it was an error of certain magnitude which would encompass federal constitutional law. Well, fundamental review, though, doesn't satisfy, doesn't fairly present it. I mean, Plourd and Moorman and some of those cases indicate fundamental review is not tantamount to the kind of review that's necessary to preserve the issue. I understand. Getting back to the jury instruction, the honor about jury instruction, as the Court indicated, the age of the victims was an essential element of the offense, of the offenses. And the jury instruction eliminated the State's burden of proof on that element because it allowed the jury, instructed the jury, in fact, that they could convict, even if the State couldn't prove the exact date or period when these offenses occurred. And that alleviated the State from its burden of proof on those elements. And I think that that's a significant problem in this case. The other comment I'd like to make, the State indicated that this was a guilty or not guilty type case, and it wasn't at all that. And the cases cited by both the Arizona Court of Appeals in its memorandum decision, as well as the district court, made that same argument. And that is not the case here. In those cases that were cited, those were cases where the defendants simply denied the allegations. It was I didn't do it type defense. In this case, to the contrary, the defense was, yes, these things happened, but the defense was that they didn't start happening until after a certain date. But then you're not guilty of what you're charged with. If they happened after the girls were 15, you're not guilty of what you're charged with. So it's not, it isn't, that guilty or not guilty doesn't mean he's not guilty of anything if they wanted to charge him with it. He was guilty of something under the law, under his own admission. But in terms of what he was charged with, he was not guilty based on his statements. That's true, Your Honor. And what the cases that we've cited talk about is when you put on this all or nothing defense, it's really no defense at all in these kinds of cases because the jury's going to want to find that defendant guilty of something, having admitted the wrongdoing, some wrongdoing. And so by his counsel not getting or requesting that lesser included offense, then he's really done his client a disservice. And at a bare minimum under Strickland, he has to discuss that issue with the client. And he did not do that in this case. We were never even offered an evidentiary hearing where we could establish those facts. And so I think whether or not, you know, it was a tactical decision is one issue, but whether or not that has to be discussed with the defendant is another. And I think that in this case, because that didn't happen, that's a violation in and of itself. Okay. Thank you. Thank you for your comments, both counsel. And this matter will stand submitted.
judges: Thompson, Callahan, Miller